# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

AMARIN PHARMA, INC., et al.,

    Plaintiff(s),

v.

HIKMA PHARMACEUTICALS USA, INC., et al.,

    Defendant(s).

Case No.: 2:16-cv-02525-MMD-NJK

**Order**

(Docket No. 267)

Pending before the Court is Defendants'[1] motion for leave to file their motion to compel and exhibits, Docket No. 268, under seal. Docket No. 267. For the reasons stated below, Defendants' motion is **GRANTED**.

There is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to file documents under seal must overcome that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). Thus, if confidential material can be easily redacted while leaving meaningful material available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz*, 331 F.3d at 1137; *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material").

The standard for a motion to seal turns on whether the sealed materials relate to a dispositive or non-dispositive motion. *See Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d

---

[1] Hikma Pharmaceuticals USA, Inc.; Hikma Pharmaceuticals International Limited; Dr. Reddy's Laboratories, Inc.; and Dr. Reddy's Laboratories, Ltd.

1

1092, 1097–99 (9th Cir. 2016). A motion is "dispositive" if it "is more than tangentially related" to the merits. *See id.* at 1101. A motion to compel is at most only tangentially related to the merits. It is thus non-dispositive.

For a motion to seal materials that relate to a non-dispositive motion, "a party need only satisfy the less exacting 'good cause' standard." *Id.* at 1098. "The 'good cause' language comes from [Fed.R.Civ.P. 26(c)(1)], which governs the issuance of protective orders in the discovery process." *Id.* To establish "good cause," a party must show "that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003). Rule 26(c) confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. Rhinehart*, 467 U.S. 20, 33 (1984).

Defendants move for leave to redact identified parts of their motion that "would reveal confidential details of [Plaintiffs'] technical and business information and would give competitors an unfair advantage, causing [Plaintiffs] to suffer a commercial disadvantage." Docket No. 267 at 2. "It is well settled that the Court has the authority to shield proprietary information related to the ongoing operations of a business from public review." *Phase II Chin, LLC v. Forum Shops, LLC*, 2010 WL 2695659, at *2 (D. Nev. July 2, 2010). Therefore, the Court finds that Defendants have established good cause for redacting the identified parts of their motion to compel. Docket No. 268.

Accordingly, the motion for leave to file the motion to compel under seal is **GRANTED**. Docket No. 267. The Clerk of the Court is **INSTRUCTED** to keep Docket No. 269 under seal.

IT IS SO ORDERED.

Dated: October 7, 2019

                                                                 Nancy J. Koppe
                                                                 United States Magistrate Judge