1
2
3                  UNITED STATES DISTRICT COURT
4                        DISTRICT OF NEVADA
5                              * * *
6   AMARIN PHARMA, INC., *et al.*,              Case No. 2:16-cv-02525-MMD-NJK
7                              Plaintiffs,                ORDER
8          v.
9   HIKMA PHARMACEUTICALS USA INC., *et al.*,
10
                             Defendants.
11

12        This is a consolidated patent infringement case brought under the Hatch-Waxman

13   Act where Plaintiffs Amarin Pharma, Inc. and Amarin Pharmaceuticals Ireland Limited

14   seek to prevent Defendants West-Ward Pharmaceuticals International Limited and Hikma

15   Pharmaceuticals USA Inc. (collectively, "Hikma"), and Dr. Reddy's Laboratories, Inc. and

16   Dr. Reddy's Laboratories, Ltd. (collectively, "DRL") from launching generic competitor

17   drugs to Plaintiffs' drug Vascepa. Before the Court is Defendants' motion to seal, seeking

18   to file redacted versions of their pretrial brief and pretrial proposed findings of fact and

19   conclusions of law (the "Motion").[1] (ECF No. 334.) As further explained below, the Court

20   will deny Defendants' motion to seal, but will also give Plaintiffs an opportunity to show

21   cause why the Court should not unseal the unredacted versions of Defendants' briefs that

22   Defendants filed with their Motion (ECF Nos. 335, 336).

23        In the Ninth Circuit there is "a strong presumption in favor of access to court

24   records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). To

25   overcome this presumption, a party must articulate "compelling reasons" justifying

26
27   _____

28        [1]Plaintiffs have not filed a response to the Motion as of the date of entry of this order.

nondisclosure, such as use of the record to gratify spite, permit public scandal, circulate libelous statements, or release trade secrets. *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citation omitted). Moreover, a party seeking redactions must provide "specific compelling reasons" to justify them. *Id.* at 1183-84. "Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *Id.* at 1184.

Defendants have not met their burden here. First, Defendants do not specifically describe the categories of information they seek to seal, or provide any reasons why that information should be redacted beyond stating that the information generally falls within the scope of the parties' stipulated protective order and is the type of information that pharmaceutical companies generally treat as confidential. (ECF No. 334 at 2.) *See also Kamakana*, 447 F.3d at 1183-84 (explaining this is insufficient). Second, it is clear the Motion is not specifically tailored to the materials it seeks to seal because the motion itself refers to "Defendants' Motion to Compel." (ECF No. 334 at 3.) But there is no currently pending motion to compel in this case. Third, the Motion makes no effort to explain how any of the information Defendants seek to seal would be considered a trade secret, or exactly how its unsealing would harm Plaintiffs.

Further, in this case, Magistrate Judge Koppe issued an order approving the parties' blanket protective order making it very clear "there has been no showing, and the Court has not found, that any specific documents are secret or confidential." (ECF No. 70 at 1.) That order also imposed a procedure for filing documents under seal when the sealing is based entirely on the other party's designation of the material as confidential under the protective order, but the Court cannot ascertain whether Defendants complied with this procedure from reviewing the Motion. (*Id.* at 2.) And while the Court has granted some previously-filed motions to seal in this case, the impending bench trial prompted the

1   Court to take a hard look at Defendants' Motion. The Court is concerned about the

2   implications—logistical and otherwise—of allowing the parties to maintain some

3   information under seal at trial if they have not first specifically articulated compelling

4   reasons in support of sealing each piece of information they seek to seal.

5        However, because the unsealing of the unredacted versions of these briefs could

6   prejudice Plaintiffs—and that is the risk Defendants seem to seek to avoid in their Motion—

7   the Court will grant Plaintiffs leave to show cause in writing within five days why the Court

8   should not unseal the documents referenced in Defendants' Motion. If Plaintiffs do not

9   respond within five days, or indicate in writing they do not object to these documents being

10  unsealed within that time, the Court will direct that the unredacted briefs (ECF Nos. 335

11  336) be unsealed.

12       It is therefore ordered that Defendants' motion to seal (ECF No. 334) is denied.

13       It is further ordered that Plaintiffs must show cause in writing within five days of the

14  date of entry of this order why the Court should not unseal the unredacted briefs

15  referenced in Defendants' motion to seal (ECF Nos. 335, 336). If Plaintiffs do not respond

16  within five days, the Court will direct the Clerk of Court to unseal the documents.

17       DATED THIS 10th day of January 2020.

_____

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE