Jakub Medrala, Esq. (Nev. Bar No. 12822)
**THE MEDRALA LAW FIRM, PLLC**
1091 South Cimarron Road - Suite A-1
Las Vegas, NV 89145
Tel: (702) 475-8884
Fax: (702) 938-8625
E-mail: jmedrala@medralalaw.com

Michael S. Kasanoff, Esq. (*pro hac vice* pending - attorney has complied with LR IA 11-2)
**MICHAEL S. KASANOFF, LLC**
9 Stillwell Street
Matawan, NJ 07747
Tel: (908) 902-5900
Fax: (732) 741-7528
E-mail: mkasanoff@att.net

*Attorneys for Intervenor EPA Drug Initiative II ("EPADI II")*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| AMARIN PHARMA, INC., *et. al.*, | Case No.: 2:16-cv-02525-MMD-NJK |
| Plaintiffs, | (Consolidated with 2:16-cv-02562-MMD-NJK) |
| v. | **INTERVENOR EPADI II'S MOTION TO INTERVENE PURSUANT TO FED. R. CIV. P. 24** |
| HIKMA PHARMACEUTICALS USA, INC., *et. al.*, | |
| Defendants, | **ORAL ARGUMENT REQUESTED TELEPHONICALLY OR VIA ZOOM** |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

POINT I

      PURSUANT TO RULE 24(a)(2), EPADI II SHOULD BE GRANTED
      INTERVENTION AS OF RIGHT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      A.    Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      B.    The Motion is Timely . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      C.    EPADI II has Multiple Germane Significant Protectable Interests Which
             are Subject to Being Impaired or Impeded if Intervention is Denied and
             the Judgment is not Vacated . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

           1.    Introduction

           2.    EPADI II Members' Interest as Amarin Shareholders is a Significant
                Protectable Interest which would be Impaired or Impeded if
                Intervention is Denied and the Judgment is not Vacated . . . . . . . . . . . . . 5

           3.    EPADI II'S Interest in Protecting and Promoting Public Health
                through the Promulgation of Vascepa, is a Significant
                Protectable Interest which would be Impaired or Impeded if
                Intervention is Denied and the Judgment is not Vacated . . . . . . . . . . . . . 7

           4.    EPADI II'S Interest in Protecting the Integrity of the Court in a
                Patent Case, is a Significant Protectable Interest which would be
                Impaired or Impeded if Intervention is Denied and the Judgment
                is not Vacated . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

      D.    EPADI II's Interests are not Adequately Represented by the Existing Parties . . . . 9

POINT II

      PURSUANT TO RULE 24(b)(1)(B), EPADI II SHOULD BE GRANTED
      PERMISSIVE INTERVENTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

      A.    Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

      B.    Because this Case Arises Under Federal Patent Laws, the Court has
             Independent Grounds for Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

      C.    The Motion is Timely . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

D. There are Common Claims, as EPADI II's Companion Rule 60 Motion Seeks to Vacate the Judgment Invalidating Amarin's Patents . . . . . . . . . . . . . . . 11

E. EPADI II'S Intervention will neither Unduly Delay nor Prejudice the Adjudication of the Original Parties' Rights. . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

POINT III

NO SEPARATE PLEADING IS REQUIRED UNDER RULE 24(c) AS EPADI II HAS MORE THAN SUFFICIENTLY APPRISED THE COURT OF THE GROUNDS FOR THIS MOTION, AND EPADI II IS CONTENT TO STAND ON AMARIN'S PLEADING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**TABLE OF AUTHORITIES**

*Cases*

*Arizonans for Fair Elections v. Hobbs*, 335 F.R.D. 261 (D. Ariz. 2020) . . . . . . . . . . . . . . . . . . 13

*Amarin Pharma, Inc. v. Hikma Pharmaceuticals USA, Inc.*, 449 F.Supp.3d 967, (D. Nev.), *aff'd,* 819 Fed. Appx. 932 (Mem) (Fed. Cir. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Amarin Pharma, Inc. v. Hikma Pharmaceuticals USA, Inc.*, 819 Fed. Appx. 932 (Mem) (Fed. Cir. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Arakaki v. Cayetano*, 324 F.3d 1078 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893 (9th Cir. 2011) . . . . . . . . . . . . . . . . . . . . 6

*Bank of New York Mellon v. Foreclosure Sales Services, LLC*, 2017 WL 626360 (D. Nev. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470 (9th Cir. 1992) . . . . . . . . . . . . . . . 13

*Blum v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 712 F.3d 1349 (9th Cir. 2013) . . . . . . . . . . 10

*California Dump Truck Owners Ass'n v. Nichols*, 275 F.R.D. 303 (E.D. Cal. 2011) . . . . . . . . . . 7

*Citizens for Balanced Use v. Montana Wilderness Assoc.*, 647 F.3d 893 (9th Cir. 2011) . . . . 2, 5, 9

*City of Emeryville v. Robinson*, 621 F.3d 1251 (9th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . 2, 5

*Dep't of Fair Emp. & Hous. v. Lucent Tech., Inc.*, 642 F.3d 728 (9th Cir. 2011) . . . . . . . . . . . . 10

*Fraige v. American-National Watermatress Corp.*, 996 F.2d 295 (Fed. Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Freedom from Religion Foundation, Inc. v. Geithner*, 644 F.3d 836 (9th Cir. 2011) . . . . . . . . . 11

*Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . 3

*Hazel-Atlas Glass Co. v. Hartford Empire Co.*, 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Intel Corp. Shareholder Deriv. Litig.*, 2018 WL 5777138 (N.D. Cal. 2018) . . . . . . . 5, 6, 10

*In re Molasky*, 843 F.3d 1179 (9th Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Nikon Corp. v. ASM Lithography B.V.*, 222 F.R.D. 647 (N.D. Cal. 2004) . . . . . . . . . . . . . . . . . 11

*PEST Comm. v. Miller*, 648 F. Supp. 2d 1202, (D. Nev. 2009), *aff'd*, 626 F.3d 1097 (9th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Portnoy v. Kawecki Berylco Indus., Inc.*, 607 F.2d 765 (7th Cir. 1979) . . . . . . . . . . . . . . . . . . . . 5

*Public Loan Company, Inc. v. FDIC*, 803 F.2d 82 (3d Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . 12

*Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d 1128 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . 8

*Robert Ito Farm, Inc. v. County of Maui*, 2014 WL 7148741 (D. Haw. 2014) . . . . . . . . . . . . . . . 7

*Root Refining Co. v. Universal Oil Prods. Co.*, 169 F.2d 514 (3d Cir. 1948) . . . . . . . . . . . . . . . . 9

*Rothenberg v. Sec. Mgmt. Co., Inc.*, 667 F.2d 958 (11th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . 5

*Scholl v. Mnuchin*, 483 F.Supp.3d 822 (N.D. Cal. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Scott v. Younger*, 739 F.2d 1464 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Southwest Ctr. For Biological Diversity v. Berg*, 268 F.3d 810 (9th Cir. 2001) . . . . . . . . . . . . . . 3

*Teva Pharmaceuticals USA, Inc. v. Sandoz, Inc.*, 574 U.S. 318, 135 S.Ct. 831,
      190 L.Ed.2d 719 (2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*U.S. v. Aerojet Gen. Corp.*, 606 F.3d 1142 (9th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . 3, 6, 9, 10

*Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183 (9th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . 13

*Wilderness Soc. v. U.S. Forest Service*, 630 F.3d 1173 (9th Cir. 2011) . . . . . . . . . . . . . . . . . . 3, 5

**Statutes**

Fed. R. Civ. P. 24 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 6, 12, 13

Fed. R. Civ. P. 24(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4

Fed. R. Civ. P. 24(b)(1)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Fed. R. Civ. P. 24(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Fed. R. Civ. P. 24(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed. R. Civ. P. 60 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3, 4, 6, 8, 9, 10, 12, 13

Fed. R. Civ. P. 60(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Fed. R. Civ. P. 60(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed. R. Civ. P. 60(b)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed. R. Civ. P. 60(c)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed. R. Civ. P. 60(d)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

N.J.S.A. 14A:3-6.3(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

v

Intervenor EPA Drug Initiative II ("EPADI II"), by and through its attorneys of record, hereby moves pursuant to Rule 24 of the Federal Rules of Civil Procedure, to intervene in this matter for the narrow purpose of filing and adjudicating its companion Motion pursuant to Rule 60 of the Federal Rules of Civil Procedure, seeking to vacate the Judgment entered on March 30, 2020 ("the Judgment"). This Motion is made and based upon the pleadings and papers on file herein, the below Memorandum of Points and Authorities, the Declaration of Michael S. Kasanoff filed contemporaneously with this Motion, as well as any argument of counsel the Court may allow at any hearing on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

EPADI II is an ad hoc group of physicians, patients, Amarin retail shareholders, and other concerned persons bound by a common conviction. Specifically, that highly purified EPA as found exclusively within Amarin's signature drug, Vascepa, has been shown to offer significant value in the prevention and treatment of cardiovascular disease, as well as systemic inflammation. EPADI II exists to promote education and awareness of Vascepa's enormous cardiovascular and therapeutic benefits.[1]

EPADI II has a significant interest in the disposition of this case. On March 30, 2020, this Court entered Judgment invalidating Amarin's patents (the "Judgment"). *Amarin Pharma, Inc. v. Hikma Pharmaceuticals USA, Inc.*, 449 F.Supp.3d 967, 1007 (D. Nev.), *aff'd,* 819 Fed. Appx. 932 (Mem) (Fed. Cir. 2020). As detailed in Intervenor EPADI II's companion Motion to Vacate Judgment pursuant to Rule 60, EPADI II contends that the Judgment should be vacated on grounds of mistake, fraud, misrepresentation, unclean hands, inequitable conduct, and fraud on the Court.

EPADI II contends that the wrongfully procured Judgment has detrimentally undermined the U.S. market for Vascepa. The invalidation of Amarin's patents could potentially cost hundreds of thousands of American lives, as Amarin has been deprived of the incentive to promote Vascepa in

---

[1] *See* http://epadruginitiative.com/

1   the U.S., and Defendants can neither sell generic Vascepa to a large segment of the patient
2   population, nor promote generic Vascepa, as those activities would violate Amarin's other patents.
3   If the Judgment is allowed to stand, EPADI II's entire existence will be severely undermined.

4         In conjunction with moving to vacate the Judgment pursuant to Rule 60, EPADI II now
5   moves to intervene pursuant to Rule 24. EPADI II should be granted intervention as of right pursuant
6   to Rule 24(a)(2) on grounds that: (1) the motion is timely; (2) EPADI II has multiple germane
7   significant protectable interests which are subject to being impaired or impeded if intervention is
8   denied and the Judgment is not vacated; and (3) EPADI II's interests are not adequately represented
9   by the existing parties.

10        EPADI II should likewise be granted permissive intervention pursuant to Rule 24(b)(1)(B)
11  on grounds that: (1) because this case arises under Federal patent laws, the Court has independent
12  grounds for jurisdiction; (2) the motion is timely; and (3) there are common claims, as EPADI II's
13  companion Rule 60 motion seeks to vacate the Judgment invalidating Amarin's patents. Further, no
14  additional pleading is necessary, as the Court is otherwise apprised of the grounds for this Motion.
15  For the reasons that follow, the Court should grant EPADI II's request to intervene.

16  **ARGUMENT**

17  **POINT I**

18  **PURSUANT TO RULE 24(a)(2), EPADI II SHOULD BE GRANTED INTERVENTION AS OF RIGHT**

19  **A.  Introduction**

20        Intervention as of right pursuant to Fed. R. Civ. P. 24(a)(2) is allowed where: (1) the
21  intervention motion is timely; (2) the movant has a significant protectable interest relating to the
22  subject matter of the lawsuit; (3) the disposition of the lawsuit may, as a practical matter, impair or
23  impede the movant's ability to protect that interest; and (4) the existing parties may not adequately
24  represent the movant's interest. *Citizens for Balanced Use v. Montana Wilderness Assoc.*, 647 F.3d
25  893, 897 (9th Cir. 2011).  Rule 24 is to be liberally construed in favor of intervention. *City of*
26  *Emeryville v. Robinson*, 621 F.3d 1251, 1258 (9th Cir. 2010).

27
28

In broadly interpreting these requirements in favor of intervention, courts are guided by practical and equitable considerations. *U.S. v. Aerojet Gen. Corp.*, 606 F.3d 1142, 1148 (9th Cir. 2010). The liberal policy favoring intervention provides for both efficient resolution of issues, and expanded access to the courts. *Wilderness Soc. v. U.S. Forest Service*, 630 F.3d 1173, 1179 (9th Cir. 2011). Courts are to accept all well-pleaded, nonconclusory allegations in the motion to intervene and supporting documentation as true, absent sham, frivolity or other objections. *Southwest Ctr. For Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001).

## B.     The Motion is Timely

Timeliness is a threshold requirement for intervention as of right. *PEST Comm. v. Miller*, 648 F. Supp. 2d 1202, 1211(D. Nev. 2009), *aff'd*, 626 F.3d 1097 (9th Cir. 2010). Timeliness is determined from all of the circumstances. *Bank of New York Mellon v. Foreclosure Sales Services, LLC*, 2017 WL 626360 at *4 (D. Nev. 2017). Three factors determine timeliness: (1) the stage of the proceedings when the motion is filed; (2) the prejudice to the other parties; and (3) the length and reason for any delay. *PEST*, *supra*, at 1211-12.

The timeliness inquiry can be easily be dispatched from the text of Rule 60 itself. EPADI II's requests for relief under Fed. R. Civ. P. 60(b)(1) and 60(b)(3), are subject to a one-year deadline from the date of the entry of the original Judgment. Fed. R. Civ. P. 60(c)(1). Because this motion, as well EPADI II's companion Rule 60 motion, are both being filed within the statutory one-year limitations period, this motion is *per se* timely.

Aside from the text of Rule 60 itself, the timeline that actually transpired likewise establishes the timeliness of this motion.  The Judgement was entered on March 30, 2020. Amarin filed its Appeal on April 2, 2020. The filing of the Appeal, divested this Court of jurisdiction to consider a Rule 60 motion. *Scott v. Younger*, 739 F.2d 1464, 1466 (9th Cir. 1984).

The Federal Circuit issued its mandate affirming the Judgment on September 3, 2020. *Amarin Pharma, Inc. v. Hikma Pharmaceuticals USA, Inc.*, 819 Fed. Appx. 932 (Mem) (Fed. Cir. 2020). This Court's jurisdiction for purposes of Rule 60 did not even vest until after the Federal Circuit issued its mandate  on September 3, 2020. *Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d

3

1   769, 773 (9th Cir. 1986).

2   Amarin subsequently moved for a re-hearing *en banc*, which was denied on November 4, 2020. A few days later, on November 9, 2020, a lawyer and Amarin investor, Avi Silberberg, Esq., served Amarin CEO John Thero with a formal demand requesting that Amarin file the Rule 60 motion. Kasanoff Dec., Exh. "A", at 1.

   Amarin is located in Bridgewater, New Jersey. Although this is not a derivative action, New Jersey law provides that no shareholder may commence a derivative proceeding until "90 days have expired from the date the demand was made." N.J.S.A. 14A:3-6.3(2). Out of an abundance of caution, and in recognition of Rule 24(a)(2)'s "adequate representation" prong, EPADI II patiently waited through the statutorily reasonable 90-day period, giving Amarin every opportunity to "adequately represent" EPADI II's interests by filing the Rule 60 motion.

   To date, Amarin has not responded at all to Mr. Silberberg's formal demand. This is not in any way, a negative critique of Amarin. Rather, this is simply a fact. With a mere six-weeks between the expiration of that 90-day period, and the expiration of the Rule 60 one-year limitations period, it has fallen exclusively upon EPADI II to file the Rule 60 motion, as Amarin has not given any indication that it intends to do so prior to the expiration of the limitations period.

   The foregoing fully explains "the length and reason for any delay." *PEST*, *supra*, at 1212. This motion, is being filed at the only stage of the litigation where it can be filed, as EPADI II was compelled by law to wait until after the Federal Circuit's mandate before filing this motion. Lastly, there is no prejudice to any of the parties, because the accompanying Rule 60 motion is meritorious for the reasons set forth in that filing, and based upon the discussion above, EPADI II acted reasonably and prudently in timing this filing. This motion is therefore timely.

4

### C. EPADI II has Multiple Germane Significant Protectable Interests Which are Subject to Being Impaired or Impeded if Intervention is Denied and the Judgment is not Vacated

#### 1. Introduction

A significant protectable interest exists where the proposed intervenor asserts an interest protected under some law, and there is a relationship between the legally protected interest and the claims at issue. *Arakaki v. Cayetano*, 324 F.3d 1078, 1084 (9th Cir. 2003). For purposes of intervention, a sufficient interest will be found where the intervenor "will suffer a practical impairment of its interests as a result of the pending litigation." *Wilderness Soc.*, *supra*. An intervention may be based upon an interest that is contingent upon the outcome of the litigation. *Robsinon*, *supra*.

The relationship requirement is satisfied where the resolution of the plaintiff's claims acually will affect the Intervenor. *Arakaki, supra*. If the intervenor would be substantially affected in a practical sense by disposition of the action, the intervenor is entitled to intervene. *Citizens for Balanced Use*, *supra*, at 898.

#### 2. EPADI II Members' Interest as Amarin Shareholders is a Significant Protectable Interest which would be Impaired or Impeded if Intervention is Denied and the Judgment is not Vacated

EPADI II is comprised largely of Amarin retail shareholders. A corporation's shareholders have a significant protectable interest justifying intervention as of right because "as owners of the corporation, shareholders have an interest in recovering damages suffered by the corporation." *In re Intel Corp. Shareholder Deriv. Litig.*, 2018 WL 5777138 at *3 (N.D. Cal. 2018). *See Rothenberg v. Sec. Mgmt. Co., Inc.*, 667 F.2d 958, 960 n.3 (11th Cir. 1982)(Shareholders benefit indirectly from the increase in stock value that results from lawsuit recovery). *See also Portnoy v. Kawecki Berylco Indus., Inc.*, 607 F.2d 765, 767 (7th Cir. 1979)(Because shareholders receive at least an indirect benefit in terms of increased shareholder equity, they have an adequate interest in vigorously litigating on behalf of the company).

The *Intel* court was thus persuaded that "Intel **and** its shareholders have an interest in ensuring that the derivative claims are fully investigated and litigated on their merits to obtain the best possible recovery for Intel." *In re Intel Corp. Shareholder Deriv. Litig.*, *supra*. Although this case is not a *formal* derivative action, it is nevertheless analogous to a derivative action in that EPADI II is seeking to intervene for purposes of restoring Amarin's patents, not their own patents. Due to the derivative nature of the relief sought, the Court should apply the aforementioned authorities to conclude that EPADI II has demonstrated a protectable interest justifying intervention as of right.

Moreover, EPADI II's interest has most definitely been impaired by the Judgment, and will most likely forever be impaired without the granting of Rule 60 relief. Towards the end of 2019, in the immediate aftermath of the FDA granting Amarin expanded label approval for Vascepa, Amarin's stock price reached a high of $26.12. Kasanoff Dec., Exh. "B", at 1. Due largely to market disruption resulting from the onset of the pandemic, coupled with uncertainty emanating from the pendency of the Judgment, Amarin's stock price closed at $13.58 on the eve of the Judgment. *Id*. After entry of the Judgment invalidating Amarin's patents, the stock price plummeted to $4.00, a catastrophic 85% loss from the high. *Id*.

Subsequently, due to the perceived loss of the U.S. market as a result of the patents being invalidated, Amarin's stock price has never come close to reaching its previous heights. Absent the grant of Rule 24 intervention and Rule 60 relief vacating the Judgement, resulting in the restoration of Amarin's patents, the current disposition of the present litigation could bar restoration of the patents and permanently reduce the monetary value of Amarin's stock price. *Aerojet Gen. Corp.*, *supra*, at 1152. EPADI II need not show such impairment of its interest with absolute certainty in order to justify intervention as of right. *Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 900 (9th Cir. 2011). What EPADI II has shown, is a protectable interest that has been and will continue to be impaired, thereby justifying intervention as of right.

### 3. EPADI II'S Interest in Protecting and Promoting Public Health through the Promulgation of Vascepa, is a Significant Protectable Interest which would be Impaired or Impeded if Intervention is Denied and the Judgment is not Vacated

EPADI II's protectable interests extend beyond their interest as shareholders and Amarin's stock price. As noted from the outset, EPADI II exists to promote education and awareness of Vascepa's enormous cardiovascular and therapeutic benefits, namely, that highly purified EPA as found exclusively within Amarin's signature drug, Vascepa, has been shown to offer significant value in the prevention and treatment of cardiovascular disease, as well as systemic inflammation.

Protection and promotion of public health is significant protectable interest justifying Rule 24 intervention as of right. *California Dump Truck Owners Ass'n v. Nichols*, 275 F.R.D. 303, 306-07 (E.D. Cal. 2011); *Robert Ito Farm, Inc. v. County of Maui*, 2014 WL 7148741 at *6 (D. Haw. 2014). The factual basis supporting EPADI II's position on both protectable interest and impairment, was most eloquently articulated in the amicus brief submitted by Aimed Alliance in support of Amarin's Petition for Certiorari. Kasanoff Dec., Exh. "C".

The Hatch-Waxman Act extends patent protection to incentivize companies to develop and market products because with a novel drug such as Vascepa, the benefits of generic competition cannot be realized unless the market is developed and the public knows about it. *Id*. at 3. Without patent protection, most companies will not make the necessary investment to develop an innovative drug for patients, only to face immediate competition from generic versions. *Id*. at 4.

The "hard reality" is that without patent rights many patients will remain in the dark. *Id*. at 5. Because Vascepa is Amarin's only product, Amarin is unlikely to maintain its robust educational campaign if those efforts are undermined by generic competition. *Id*. at 6. The generics are not going to make up the difference because education and marketing are not part of their business model. *Id*.

There is a critical public need to maintain the incentives for Amarin to educate healthcare providers concerning the benefits of Vascepa, as cardiovascular disease is the leading cause of mortality in the United States. *Id*. Vascepa is a breakthrough in the treatment of cardiovascular disease, provided that Amarin continues to invest in publicizing its life-saving benefits to patients,

caregivers, and healthcare providers. *Id*. at 7-8.

Without patent protection, Amarin will be unable invest in the endeavor of educating the public about Vascepa's clinical trial results and newly discovered benefits. *Id*. at 8. As a result, many healthcare practitioners may never may never become aware of, and never prescribe Vascepa to patients for whom it is medically necessary. *Id*. Accordingly, these facts demonstrate both a significant protectable interest in the protection of public health, and impairment of that interest if the Judgment is allowed to stand, thereby justifying intervention as of right.

    **4.**    **EPADI II'S Interest in Protecting the Integrity of the Court in a Patent Case, is a Significant Protectable Interest which would be Impaired or Impeded if Intervention is Denied and the Judgment is not Vacated**

EPADI II's companion Rule 60 motion contends that the Judgment should be vacated on grounds of mistake, fraud, misrepresentation, unclean hands, and fraud on the Court. Particularly with regard to the latter four grounds, such misconduct presents issues of substantial importance, as tampering with the administration of justice involves far more than an injury to a single litigant. *Hazel-Atlas Glass Co. v. Hartford Empire Co.*, 322 U.S. 238, 246, 64 S.Ct. 997, 1001, 88 L.Ed. 1250 (1944). Defendants have wronged this Court as an institution, where such fraud cannot be complacently tolerated. *Id*.

Public policy demands that eminent institutions of public justice such as this Court "be not so impotent that they must always be mute and helpless victims of deception and fraud." *Id*. This is so even if Amarin did not exercise the highest degree of diligence in uncovering the fraud. *Id. See Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d 1128, 1133 (9th Cir. 1995) (Even assuming that the victim was not diligent in uncovering the fraud, the court is still empowered to set aside the verdict where the court itself was the victim of the fraud).

Moreover, fraud in patent cases is a matter of public concern extending beyond the parties to the litigation. *Fraige v. American-National Watermatress Corp.*, 996 F.2d 295, 298 (Fed. Cir. 1993)(*citing Hazel-Atlas*, *supra*). Indeed, such misconduct is especially troubling in patent cases as "patent law is a field where so much depends upon familiarity with specific problems and principles

not usually contained in the general storehouse of knowledge and experience." *Teva Pharmaceuticals USA, Inc. v. Sandoz, Inc.*, 574 U.S. 318, 328, 135 S.Ct. 831, 838, 190 L.Ed.2d 719 (2015).

The facts set forth in EPADI II's Rule 60 Motion "not only justify the inquiry but impose upon [the Court] the duty to make it, even if no party to the original cause should be willing to cooperate to the end that the records of the court might be purged of fraud, if any should be found to exist." *Root Refining Co. v. Universal Oil Prods. Co.*, 169 F.2d 514, 521–23 (3d Cir. 1948). EPADI II has thus presented a third significant protectable interest justifying intervention as of right.

### D.  EPADI II's Interests are not Adequately Represented by the Existing Parties

Three factors are considered in determining the adequacy of representation: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect. *Aerojet Gen. Corp.*, *supra*, at 1153. The burden of establishing inadequacy of representation is "minimal", and is satisfied where the proposed intervenor can show that representation of its interests "may be" inadequate. *Citizens for Balanced Use*, *supra*.

As noted in POINT I.B., on November 9, 2020, a lawyer and Amarin investor, Avi Silberberg, Esq., served Amarin CEO John Thero with a formal demand requesting that Amarin file the Rule 60 motion. Kasanoff Dec., Exh. "A", at 1. To date, Amarin has not responded at all to Mr. Silberberg's formal demand.

This filing is being made a mere two-weeks before the expiration of the Rule 60 one-year limitations period. To date, Amarin has not moved for Rule 60 relief, and Amarin has not given any indication whatsoever, that it intends to move for Rule 60 relief prior to the expiration of the limitations period. Nor has Amarin advanced any of EPADI II's Rule 60 arguments in conjunction with its Appeal, En Banc Petition, or Petition for Certiorari.

Here, Amarin undoubtedly will *not* make any of EPADI II's Rule 60 arguments. *Aerojet Gen. Corp.*, *supra*. While Amarin is presumably capable of making those arguments, Amarin is clearly unwilling to make those arguments. *Id*. On the other hand, EPADI II most definitely offers a necessary element to this proceeding that the other parties have neglected, namely the corresponding request for Rule 60 relief. *Id*.

EPADI II seeks to protect the interests of Amarin and its shareholders in ensuring that its Rule 60 motion is fully litigated and adjudicated on the merits to obtain the best possible result for Amarin and its shareholders. *In re Intel Corp. Shareholder Deriv. Litig.*, *supra*, at *4. Therefore EPADI II's interests are not adequately represented by existing parties.

## POINT II

**PURSUANT TO RULE 24(b)(1)(B), EPADI II SHOULD BE GRANTED PERMISSIVE INTERVENTION**

### A.   Introduction

Rule 24(b)(1)(B) allows anyone to intervene where there is: (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action. *Blum v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 712 F.3d 1349, 1353 (9th Cir. 2013). The Rule plainly does not require the intervenor to have a direct personal or pecuniary interest in the subject of the litigation. *Scholl v. Mnuchin*, 483 F.Supp.3d 822, 825 (N.D. Cal. 2020). The Court has the discretion to grant or deny permissive intervention, including discretion to to limit intervention to particular issues.[2] *Dep't of Fair Emp. & Hous. v. Lucent Tech., Inc.*, 642 F.3d 728, 741 (9th Cir. 2011).

---

[2]This meshes well with EPADI II's proposed intervention, as EPADI II seeks to intervene solely to file and adjudicate its companion Rule 60 Motion.

10

     **B.**     **Because this Case Arises Under Federal Patent Laws, the Court has Independent Grounds for Jurisdiction**

For purposes of permissive intervention, in federal question cases, jurisdiction is based upon the federal-question raised by the plaintiff, which here, is Amarin's filing of this case pursuant to the patent laws. *Freedom from Religion Foundation, Inc. v. Geithner*, 644 F.3d 836, 844 (9th Cir. 2011). The independent jurisdictional grounds requirement does not apply to proposed intervenors in federal-question cases where the proposed intervenor is not raising new causes of action. *Id*. Rather than raising new claims, EPADI II's Rule 60 Motion seeks to vacate the Judgment invalidating Amarin's patents on grounds of prima facie obviousness.

In any event, because EPADI II's Rule 60 Motion seeks to vacate the Judgment invalidating Amarin's patents on grounds of prima facie obviousness, it "rests on a valid, independent ground for jurisdiction", specifically the patent laws providing federal-question jurisdiction. *Nikon Corp. v. ASM Lithography B.V.*, 222 F.R.D. 647, 651 (N.D. Cal. 2004). Further grounds for jurisdiction are found in the text of Rule 60 itself, where it states in pertinent part, "On motion and just terms, the court may relieve a party, or its legal representative from a final judgment, order, or proceeding ...." (Fed. R. Civ. P. 60(b)), and "The Rule does not limit a court's power to entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1).

     **C.**     **The Motion is Timely**

See POINT I.B., which is expressly restated and incorporated herein by reference.

     **D.**     **There are Common Claims, as EPADI II's Companion Rule 60 Motion Seeks to Vacate the Judgment Invalidating Amarin's Patents**

As noted above, EPADI II's Rule 60 Motion seeks to vacate the Judgment invalidating Amarin's patents on grounds of prima facie obviousness. In the underlying action, Amarin sought to uphold its patents on grounds that said patents were not void due to obviousness. EPADI II's motion therefore shares common questions of law and fact with the main action. *Nikon Corp.*, *supra*.

**E.     EPADI II'S Intervention will neither Unduly Delay nor Prejudice the Adjudication of the Original Parties' Rights**

When considering whether to allow permissive intervention, the Court should consider whether it will unduly delay, or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(3). First and foremost, for the reasons set forth in EPADI II's Rule 60 Motion, Defendants have unjustly and undeservedly prevailed thus far due to mistake, fraud, misrepresentation, unclean hands, inequitable conduct, and fraud on the Court. To the extent Defendants claim undue delay or prejudice, any such consequences visited upon Defendants, are strictly the result of "a self-inflicted wound." *Public Loan Company, Inc. v. FDIC*, 803 F.2d 82, 87 (3d Cir. 1986).

In any event, there is no undue delay. EPADI II's Rule 60 and Rule 24 motions are both timely, and EPADI II is filing motions. EPADI II is not filing a new lawsuit or raising new causes of action.

Nor is there any prejudice. Defendants have unjustly and undeservedly prevailed thus far due to mistake, fraud, misrepresentation, unclean hands, and fraud on the Court. EPADI II is seeking relief through the only available procedural vehicle, namely Rule 60. If Defendants are allowed to assert prejudice, then practically every Rule 60 motion would automatically be invalid due to prejudice. In sum, Defendants can demonstrate neither undue delay nor prejudice.

## POINT III

**NO SEPARATE PLEADING IS REQUIRED UNDER RULE 24(c) AS EPADI II HAS MORE THAN SUFFICIENTLY APPRISED THE COURT OF THE GROUNDS FOR THIS MOTION, AND EPADI II IS CONTENT TO STAND ON AMARIN'S PLEADING**

The text of Rule 24(c) provides that a motion to intervene is to be accompanied by a pleading stating the claim or defense upon which the request to intervene is based. Fed. R. Civ. P. 24(c). However, the courts in the Ninth Circuit routinely and emphatically approve intervention without a separate pleading where the court is otherwise apprised of the grounds for the motion. *In re Molasky*, 843 F.3d 1179, 1185 (9th Cir. 2016); *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1188 (9th Cir. 2009); *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992); *Arizonans for Fair Elections v. Hobbs*, 335 F.R.D. 261, 268 n.1 (D. Ariz. 2020). Further, if the intervenor is content relying upon the pleading already filed by an existing party, "it is difficult to see what is accomplished by adding to the papers in the case a new pleading that is identical in its allegations with one that is already on file." *Westchester Fire Ins. Co.*, *supra*.

Here, no additional pleading is necessary, as this Brief spends 12 pages breaking down the elements and unambiguously detailing all of the grounds supporting EPADI II's request for intervention both as of right, and permissively. This Brief is further supplemented by EPADI II's Rule 60 filing setting forth the reasons why EPADI II seeks to intervene, as well as the remedies sought, in particular, vacation of the Judgment.

Moreover, EPADI II is undoubtedly content standing on Amarin's pleadings already on file, as EPADI II is exclusively seeking to vacate the Judgment based upon those pleadings, not start a whole new lawsuit advancing claims seeking substantive relief. Accordingly, as a matter of Ninth Circuit law, no additional pleading is necessary for purposes of EPADI II's Motion to Intervene.

## **CONCLUSION**

For the reasons above, Intervenor EPADI II respectfully requests that the Court permit EPADI II to intervene in this matter pursuant to Rule 24, for purposes of filing and adjudicating its companion Motion seeking to vacate the Judgment pursuant to Rule 60.

Dated: March 19, 2021   /s/   *Michael S. Kasanoff*
　　　　　　　　　　　　　　Michael S. Kasanoff, Esq. (*pro hac vice* pending
　　　　　　　　　　　　　　 - attorney has complied with LR IA 11-2)
　　　　　　　　　　　　　　**MICHAEL S. KASANOFF, LLC**
　　　　　　　　　　　　　　9 Stillwell Street
　　　　　　　　　　　　　　Matawan, NJ 07747
　　　　　　　　　　　　　　Tel: (908) 902-5900
　　　　　　　　　　　　　　Fax: (732) 741-7528
　　　　　　　　　　　　　　E-mail: mkasanoff@att.net

　　　　　　　　　　　　　　Jakub Medrala, Esq. (Nev. Bar No. 12822)
　　　　　　　　　　　　　　**THE MEDRALA LAW FIRM, PLLC**
　　　　　　　　　　　　　　1091 South Cimarron Road - Suite A-1
　　　　　　　　　　　　　　Las Vegas, NV 89145
　　　　　　　　　　　　　　Tel: (702) 475-8884
　　　　　　　　　　　　　　Fax: (702) 938-8625
　　　　　　　　　　　　　　E-mail: jmedrala@medralalaw.com

　　　　　　　　　　　　　　*Attorneys for Intervenor*
　　　　　　　　　　　　　　*EPA Drug Initiative II ("EPADI II")*