1
2  W. West Allen
   Nevada Bar No. 5566
3  HOWARD & HOWARD ATTORNEYS PLLC
   3800 Howard Hughes Parkway, Suite 1000
4  Las Vegas, NV 89169
   Telephone: (702) 257-1483
5  Email: wwa@h2law.com

6  *Attorneys for Defendants Hikma*
7  *Pharmaceuticals USA Inc. and Hikma*
   *Pharmaceuticals International Limited*
8
   Arthur A. Zorio
9  Nevada Bar No. 6547
   BROWNSTEIN HYATT FARBER SCHRECK, LLP
10 5520 Kietzke Lane, Suite 110
   Reno, NV 89511
11 Telephone: (775) 398-3812
12 Email: azorio@bhfs.com

13 *Attorneys for Defendants Dr. Reddy's Laboratories,*
   *Inc. and Dr. Reddy's Laboratories, Ltd.*
14
15
16
                            **UNITED STATES DISTRICT COURT**
17
                                  **DISTRICT OF NEVADA**
18

19 | AMARIN PHARMA, INC. and AMARIN PHARMACEUTICALS IRELAND LIMITED, | Case No. 2:16-cv-02525-MMD-NJK |
   |---|---|
20 | Plaintiffs, | (Consolidated with Case No. 2:16-cv-02562-MMD-NJK) |
21 | v. | |
22 | HIKMA PHARMACEUTICALS USA, INC. and HIKMA PHARMACEUTICALS INTERNATIONAL LIMITED, | **DEFENDANTS' RESPONSE TO THE MOTION TO INTERVENE PURSUANT TO FED. R. CIV. P. 24 BY "EPADI II"** |
23 | | |
24 | Defendants. | |

25
26
27
28

This patent case has been closed for nearly a year since the Court entered its final judgment, which the Federal Circuit summarily affirmed without opinion. ECF No. 382; *Amarin Pharma, Inc. v. Hikma Pharms. USA, Inc.*, 819 F. App'x 932 (Mem.) (Fed. Cir. 2020). Now, an attorney and Amarin retail investor named Michael Kasanoff, purporting to represent an "ad hoc" group called "EPADI II," seeks to intervene under Federal Rule of Civil Procedure 24 (ECF No. 401) for purposes of moving to vacate the Court's judgment under Rule 60 (ECF No. 405). Both the motion to intervene and the proposed Rule 60 motion are frivolous on their face and merit no response. In an abundance of caution, however, and in light of LR 7-2(d)'s guidance that failure to respond to a motion typically "constitutes a consent to the granting of the motion," Defendants file this short response to the pending motion to intervene.

As brief background, Mr. Kasanoff's motion is the result of an online crowdfunding campaign by disgruntled retail investors in Amarin stock.[1] For the past year, Mr. Kasanoff and other retail investors have concocted various conspiracy theories on online message boards regarding this Court's judgment. The present motion to intervene is at least their third filing advancing such theories. First, after the Court entered its judgment last year, Mr. Kasanoff filed a judicial misconduct complaint against this Court with the Ninth Circuit, which he publicly shared online under the screenname "marjac."[2] Second, after the Federal Circuit summarily affirmed this Court's judgment, Mr. Kasanoff filed a motion for leave to file an amicus brief in support of rehearing based on the same "fraud" arguments as his proposed Rule 60 motion. *See Amarin Pharma, Inc. v. Hikma Pharms. USA, Inc.*, No. 20-1723, Dkt. 82 (Fed. Cir.). The Federal Circuit summarily denied Mr. Kasanoff's motion without waiting for a response by any party. *See id.*, Dkt. 86. Mr. Kasanoff has now repackaged his conspiracy theories for a third time in the form of a motion to intervene for purposes of seeking vacatur of the Court's judgment on Amarin's behalf. As with his previous filings, this motion is frivolous.[3]

Mr. Kasanoff, or "EPADI II," first asks to intervene as of right under Rule 24(a)(2). Mot. 2–

---

[1] *See* https://www.gofundme.com/f/vascepa-intellectual-property-justice-fund

[2] https://investorshub.advfn.com/boards/read_msg.aspx?message_id=155755858

[3] Mr. Kasanoff has clearly monitored the case for some time and waited to file a motion to intervene until after Amarin's unsuccessful appeal at the Federal Circuit. Mr. Kasanoff should therefore be estopped from now seeking intervention at a time when the case has been closed for nearly a year.

1

1  10. That rule, however, requires "an interest relating to the property or transaction that is the subject
2  of the action." Fed. R. Civ. P. 24(a)(2). EPADI II has no such interest. This is a patent case, and
3  EPADI II admits it does not own or have any legal interest in the patents-in-suit: "EPADI II is seeking
4  to intervene for purposes of restoring Amarin's patents, not their own patents." Mot. 6. EPADI II
5  next asks to intervene permissively under Rule 24(b)(1)(B). Mot. 10–12. But that rule requires "a
6  claim or defense that shares with the main action a common question of law or fact," and EPADI II
7  does not articulate *any* "claim or defense," let alone one that shares a common question of law or fact
8  with the patent infringement claims in this case. Fed. R. Civ. P. 24(b)(1)(B). Indeed, EPADI II has
9  not even filed a pleading, as required by Rule 24(c). EPADI II admits it is "not . . . raising new causes
10 of action" and instead "stand[s] on Amarin's pleadings already on file." Mot. 12–13. Yet Amarin's
11 pleadings only state claims for patent infringement, and again, EPADI II does not own, license, or
12 claim any other right to the patents-in-suit. Mot. 6. EPADI II's failure to plead *any* claim or defense,
13 and its lack of standing to pursue the patent claims under which this case arose, are fatal.

14 Regardless, intervention would be futile because EPADI II has no standing to file its proposed
15 Rule 60 motion. "The plain language of Rule 60(b) only allows relief to be given to 'a party' to the
16 litigation," and EPADI II was "never 'a party' to the original action." *Ericsson Inc. v. InterDigital*
17 *Commc'ns Corp.*, 418 F.3d 1217, 1224 (Fed. Cir. 2005); *see also, e.g.*, *Hook v. State of Arizona*, 188
18 F. App'x 577, 578 (9th Cir. 2006) ("Rule 60(b) provides that 'the court may relieve a party' from a
19 final judgment; a nonparty cannot move for relief under Rule 60(b) except in 'exceptional circum-
20 stances.'") (citing *Citibank Int'l v. Collier-Traino, Inc.*, 809 F.2d 1438, 1440–41 (9th Cir. 1987));
21 *Almoguera v. Allstate Ins. Co.*, 923 F.2d 861 (Mem.), 1991 WL 3067, at *1 (9th Cir. Jan. 11, 1991)
22 ("nonparties generally do not have standing to attack a judgment under Rule 60(b)"); *Popovich v.*
23 *United States*, 661 F. Supp. 944, 951 (C.D. Cal. 1987) ("Courts have been quite strict in construing
24 Rule 60(b) and have limited relief under it to those who are unquestionably parties.").

25 Intervention is also futile because EPADI II's proposed Rule 60 motion is facially baseless—
26 including not only its attempt to relitigate Amarin's factual arguments about statistical significance,
27 but its outrageous and libelous claims of "fraud" against Dr. Heinecke and Defendants' counsel. In
28

the event that the Court grants leave to file the proposed Rule 60 motion and requests additional briefing, Defendants reserve the right to respond. Because there is no basis for intervention in the first instance, however, Defendants respectfully submit that the Court can and should deny the motion to intervene and summarily deny leave to file the proposed Rule 60 motion. *See, e.g.*, *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 832 (9th Cir. 1986) ("Motions for relief under Fed. R. Civ. P. Rule 60(b) are addressed to the sound discretion of the trial court.").[4]

DATED: April 1, 2021

/s/ W. West Allen
W. West Allen (Nev. Bar No. 5566)
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV 89169
Tel: (702) 257-1483
Email: wwa@h2law.com

Charles B. Klein (admitted *pro hac vice*)
Claire A. Fundakowski (admitted *pro hac vice*)
WINSTON & STRAWN LLP
1700 K Street N.W.
Washington, D.C. 20006
Tel: (202) 282-5000
Email: cklein@winston.com,
    cfundakowski@winston.com

George C. Lombardi (admitted *pro hac vice*)
Alison M. Heydorn (admitted *pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
Tel: (312) 558-5969
Email: glombard@winston.com
    aheydorn@winston.com

Eimeric Reig-Plessis (admitted *pro hac vice*)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
Tel: (415) 591-6808
Email: ereigplessis@winston.com

*Attorneys for Defendants Hikma Pharmaceuticals USA Inc. and Hikma Pharmaceuticals International Limited*

/s/ Arthur A. Zorio
Arthur A. Zorio (Nevada Bar No. 6547)
BROWNSTEIN HYATT FARBER
    SCHRECK, LLP
5520 Kietzke Lane, Suite 110
Reno, NV 89511
Tel.: (775) 398-3812
Email: azorio@bhfs.com

Constance S. Huttner (admitted *pro hac vice*)
Frank D. Rodriguez (admitted *pro hac vice*)
James Barabas (admitted *pro hac vice*)
Caroline Sun (admitted *pro hac vice*)
Beth Finkelstein (admitted *pro hac vice*)
WINDELS MARX LANE &
    MITTENDORF, LLP
1 Giralda Farms, Suite 100
Madison, NJ 07940
Tel: (973) 966-3200 / Fax: (973) 966-3250
Email: chuttner@windelsmarx.com,
    frodriguez@windelsmarx.com
    jbarabas@windelsmarx.com,
    csun@windelsmarx.com,
    bfinkelstein@windelsmarx.com

*Attorneys for Defendants Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd.*

---

[4] Defendants reserve all rights to seek reasonable costs, attorney fees, and sanctions in connection with responding to any of EPADI II and/or Mr. Kasanoff's filings. *See, e.g.*, 28 U.S.C. § 1927.

3