UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| AMARIN PHARMA, INC., *et al.*, <br><br>   Plaintiffs, <br><br>   v. <br><br> HIKMA PHARMACEUTICALS USA INC., *et al.*, <br><br>   Defendants. | Case No. 2:16-cv-02525-MMD-NJK <br><br> ORDER |

**I.    SUMMARY**

This was a consolidated patent infringement case brought under the Hatch-Waxman Act where Plaintiffs Amarin Pharma, Inc. and Amarin Pharmaceuticals Ireland Limited (collectively, "Amarin") sought to prevent Defendants West-Ward Pharmaceuticals International Limited and Hikma Pharmaceuticals USA Inc. (collectively, "Hikma"), and Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd. (collectively, "DRL") from launching generic competitor drugs to Plaintiffs' drug Vascepa®. Following a bench trial, the Court entered judgment in Defendants' favor on March 30, 2020. (ECF Nos. 381 (Bench Order), 382 (Judgment).) Amarin appealed, and the Federal Circuit Court of Appeals affirmed. (ECF Nos. 383 (Notice of Appeal), 394 (affirming this Court's judgment), 395 (denying petition for rehearing en banc).) Before the Court are two motions filed by proposed Intervenor-Plaintiff EPA Drug Initiative II ("EPADI") on March 19, 2021: (1) a motion to intervene (ECF No. 401 ("Motion")); and (2) a motion to vacate judgment (ECF No. 405).[1] Because the Motion is untimely, EPADI was not a party to this case and lacks a sufficiently protectable interest in it, and as further

---

[1] Amarin (ECF No. 408) and Defendants (ECF No. 409) filed combined responses, and EPADI filed a combined reply (ECF No. 410). EPADI's request for oral argument (ECF No. 401 at 1) is denied. *See* LR 78-1.

explained below, the Court will deny EPADI's Motion, and accordingly deny the motion to vacate as well.

## II. BACKGROUND

According to EPADI in its certificate of interested parties, it is "an ad hoc group of physicians, patients, Amarin retail shareholders, and other concerned persons." (ECF No. 404 at 1.) EPADI was not a party to this case, or any of its member cases, during the over three years of litigation that culminated in a bench trial. EPADI's pending motions, all filed on March 19, 2021, are the first filings EPADI has submitted in this case.

Unsurprisingly, Amarin states that it does not oppose either of EPADI's pending motions. (ECF No. 408 at 2.) Amarin also states it, "did not provide [EPADI] with any support, whether substantive or financial, in the preparation of either motion." (*Id.* at 1.) But Amarin further states that it continues to disagree with the Court's findings of fact and conclusions of law that led to its judgment of invalidity. (*Id.*)

As discussed where appropriate *infra*, Defendants oppose EPADI's Motion. (ECF No. 409 (signed by counsel for Hikma and DRL).)

## III. DISCUSSION

EPADI seeks to intervene in this case for the sole purpose of vacating the Court's judgment entered after the bench trial. (ECF No. 401 at 7.) The Court will first address EPADI's request to intervene as of right, then EPADI's request for permissive intervention, and then briefly note that EPADI lacks standing to file its motion to vacate the Court's judgment in any event.

### A. Intervention as of Right

Fed. R. Civ. P. 24(a)(2) provides that a movant may intervene as a matter of right where it:

> claims an interest relating to property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

*Id.* When assessing a motion to intervene as of right, the Ninth Circuit applies a four-part test: "(1) the motion must be timely; (2) the applicant must claim a significantly protectable interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action." *The Wilderness Soc'y v. United States Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (internal quotation marks and citation omitted). When deciding whether to permit intervention, courts are guided primarily by practical and equitable considerations. *See Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) (citing *Donnelly v Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)).

Assuming without deciding that EPADI can satisfy the third and fourth factors, the Court will deny EPADI's motion to intervene as of right because it is both untimely and EPADI lacks a protectable interest in Amarin's patents. *See id.* (stating that a "party seeking to intervene as of right must meet four requirements[,]" though noting that Rule 24 traditionally receives a liberal construction in favor of applicants for intervention); *see also PEST Comm. v. Miller*, 648 F. Supp. 2d 1202, 1211 (D. Nev. 2009), *aff'd*, 626 F.3d 1097 (9th Cir. 2010) ("An applicant for intervention bears the burden of showing that all four requirements are met.") (citation omitted).

### 1. Timeliness

An application to intervene must be timely. "Timeliness is a flexible concept; its determination is left to the district court's discretion." *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004) (citation omitted). In determining whether a motion to intervene is timely, a court considers three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *California Dept. of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002) (citing *United States v. State of Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996)). "In analyzing these factors, however, courts should bear in mind that '[t]he crucial date for assessing the

timeliness of a motion to intervene is when proposed intervenors should have been aware that their interests would not be adequately protected by the existing parties.'" *Smith v. Los Angeles Unified School Dist.*, 830 F.3d 843, 854 (9th Cir. 2016) (quoting *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999)).

EPADI argues its Motion is timely because its accompanying motion to vacate the Court's judgment would be timely under Rule 60(b)(1) or (b)(3). (ECF No. 401 at 9.) EPADI goes on to explain that it delayed filing the Motion until about a year after the Court entered final judgment because it was waiting to see if Amarin would win on appeal, and then gave Amarin a chance to file the motion to vacate EPADI has now filed before filing it. (*Id.* at 9-10.) Thus, EPADI, argues, it could not have been aware that Amarin would not protect EPADI's interests until recently. (*Id.* at 10.) But EPADI does not address two of the three timeliness factors in detail. *See California Dept. of Toxic Substances Control*, 309 F.3d at 1119 (listing the three factors).

EPADI's Motion is untimely. To start, whether the motion to vacate would have been timely if Amarin filed it[2] is not even relevant to the timeliness inquiry. *See id.* (listing three factors that do not include the timeliness of a companion motion). Next, the two timeliness factors EPADI does not address in detail in its Motion weigh in favor of finding the Motion untimely. (ECF No. 401 at 10 (stating EPADI could not have filed the Motion at an earlier stage in the proceedings and there is no prejudice to the parties).) Specifically, the first factor—the stage of the proceedings—does not favor EPADI. EPADI filed its Motion nearly a year after the Court entered final judgment in this case, and the final judgment was itself the culmination of years of litigation. Nor does the second factor—the prejudice to other parties—favor EPADI. Allowing EPADI to intervene after this case has concluded in this Court for the sole purpose of vacating its judgment would substantially prejudice Defendants, as it would nullify the years of work they put into ultimately prevailing in this case.

---

[2]As discussed *infra*, EPADI lacks standing to file this motion. Only a party to a case may normally file a Rule 60(b) motion.

4

The third factor, which EPADI does address in more detail—the length of and reason for the delay—also weighs against finding the Motion timely filed. "[A]ny substantial lapse of time weighs heavily against intervention[.]" *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1304 (9th Cir. 1997) (citation omitted). And the lapse of time here is substantial. Not only had nearly a year elapsed since the Court entered judgment at the time EPADI filed the Motion,[3] but this case was filed in 2016. While EPADI offers at least some explanation as to why it waited nearly a year from judgment to file the Motion, it offers little explanation why it never sought to intervene before entry of judgment. Moreover, EPADI's explanation for its delay tends to show EPADI was closely monitoring this case, which undermines rather that supports EPADI's contention that its Motion is timely. The Court can reasonably infer from EPADI's own explanation of events that it should have been aware Amarin was unable to protect its stated interests well before it filed the Motion. *See Smith*, 830 F.3d at 854 (stating this is a relevant timeliness consideration).

In sum, the Motion is untimely because all three timeliness factors weigh against finding EPADI's Motion timely filed.

### 2. Significantly Protectable Interest

The second intervention-as-of-right requirement states that the applicant must demonstrate it has a significantly protectable interest. This requirement is generally satisfied when: (1) the interest is protectable under some law; and (2) there is a relationship between the legally protected interest and the claims at issue in the case. *See Wilderness Soc.*, 630 F.3d at 1179. Applicants for intervention must satisfy both elements. *See Donnelly*, 159 F.3d at 409-10.

EPADI argues that, as a group "comprised largely of Amarin retail shareholders[,]" its interests have been impaired by the Court's judgment because Amarin's stock price fell after the judgment issued, and has not since regained its pre-judgment high price. (ECF No. 401 at 11-12.) EPADI further argues its interest in promoting public health

---

[3]Defendants also note this. (ECF No. 409 at 2.)

through the promulgation of Vascepa will be impaired if intervention is denied, and the Court's judgment is not vacated, because Amarin is likely to spend less money on marketing, which will result in fewer doctors prescribing Vascepa.[4] (*Id.* at 13-14.) EPADI finally argues that Defendants perpetrated a fraud on the Court in winning the judgment, and EPADI has an interest in protecting the integrity of the Court. (*Id.* at 14-15.) Defendants counter that EPADI has no protectable interest in the property or transaction that is the subject of the suit because this is a patent case, and EPADI admits it has no legal interest in the patents-in-suit. (ECF No. 409 at 3.) The Court agrees with Defendants.

While EPADI may have interests protectable under some law, there is an insufficient relationship between those interests and the claims at issue in this case. *See, e.g.*, *Nisus Corp. v. Perma-Chink Sys., Inc.*, 497 F.3d 1316, 1322 (Fed. Cir. 2007) (affirming the district court's denial of a patent attorney's motion to intervene in a patent case where the court had found he engaged in inequitable conduct during prosecution of a patent in suit because it was untimely, but also noting the attorney lacked a sufficiently protectable interest in the case). To restate, this is a patent case. And EPADI's own argument demonstrates its interests are insufficiently connected to the patent infringement claims that were at issue in this case.

For example, while EPADI states that this is not a shareholder derivative action, "it is nevertheless analogous to a derivative action in that [EPADI] is seeking to intervene for purposes of restoring Amarin's patents, not their own patents." (ECF No. 401 at 12.) This statement renders EPADI's proffered shareholder derivative caselaw inapplicable. (*Id.* at 11-12.) EPADI also concedes in this statement that it has no interest in the patents-in-suit. (*Id.* at 12.) Thus, whatever protectable interests EPADI have, they are insufficiently connected to the patents in suit—because this is a patent case. *See* Fed. R. Civ. P. 24(a)(2) (requiring an "interest relating to the property or transaction that is the subject of the action"). This case has also been closed for over a year, further diluting any

---

[4]The Court rejects this argument as too speculative. Moreover, and as discussed *infra*, allowing some sort of litigation within this case based on these arguments would impermissibly expand the scope of this closed patent case.

6

relationship between EPADI's claims and this case. (ECF No. 382 (entered March 30, 2020).) *See also Ericsson Inc. v. InterDigital Commc'ns Corp.*, 418 F.3d 1217, 1221-23 (Fed. Cir. 2005) (reversing grant of motion to intervene because of well-settled requirement under Fifth Circuit law that intervention is only proper when there is an existing suit within the Court's jurisdiction).[5]

As to EPADI's arguments that its members are harmed because Amarin's stock price has fallen along with Amarin's potential revenues to the extent Amarin is now spending less on marketing Vascepa, "pure economic expectancy is not a legally protected interest for purposes of intervention." *Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of Agric.*, 143 F. App'x 751, 753 (9th Cir. 2005); *see also id.* at 753-54 (affirming denial of motion to intervene where the movant alleged no more than economic expectancy harm). And EPADI has not demonstrated in its Motion that its interest here is anything more than economic expectancy, primarily in Amarin's share price remaining above a certain level. (ECF No. 401 at 11-12.)

Turning to EPADI's public health and fraud on the Court arguments (*id.* at 13-15), "intervention is unavailable where an applicant seeks to 'inject new, unrelated issues into the pending litigation,' or to 'expand the suit well beyond the scope of the current action.'" *Apple Inc. v. Iancu*, Case No. 5:20-CV-06128-EJD, 2021 WL 411157, at *4 (N.D. Cal. Feb. 5, 2021) (citations and internal punctuation omitted). EPADI seeks to litigate allegations of speculative impacts on public health and fraud based on evidence that was not before the Court at any point during the years the parties litigated this case to final judgment. (ECF No. 401 at 13-15.) Allowing EPADI to litigate these arguments now would impermissibly expand the scope of this case. *See Apple*, 2021 WL 411157, at *4-*5 (denying movants' request for intervention as of right where they lacked a protectable interest in the case and allowing them to intervene would expand the scope of the case).

---

[5]Intervention is governed by the law of the regional circuit, *see Ericsson*, 418 F.3d at 1221-22, so this case is not controlling here, but the Court finds it persuasive because it deals with a motion factually analogous to EPADI's Motion.

In sum, EPADI's request for intervention as of right is denied alternatively because it is untimely or EPADI lacks a sufficiently protectable interest.

### B. Permissive Intervention

As noted, EPADI also seeks permissive intervention. (ECF No. 401 at 16-18.) The Court exercises its discretion to deny this request as well. Federal Rule of Civil Procedure 24(b)(1)(B) permits a court to allow anyone to intervene who submits a timely motion and "has a claim or defense that shares with the main action a common question of law or fact." "An applicant who seeks permissive intervention must prove that it meets three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." *Donnelly*, 159 F.3d at 412 (citation omitted). Because a court has discretion in deciding whether to permit intervention, it should also consider whether intervention will cause undue delay or prejudice to the original parties, whether the applicant's interests are adequately represented by the existing parties, and whether judicial economy favors intervention. *See Venegas v. Skaggs*, 867 F.2d 527, 530-31 (9th Cir. 1989).

EPADI argues it does not need to show an independent basis for jurisdiction because the Court has federal question jurisdiction over this case, and EPADI is not raising any new claims. (ECF No. 401 at 17.) EPADI further argues its Motion is timely for the same reasons it argued it was timely as to intervention as of right. (*Id.*) EPADI goes on to argue that its motion to vacate shares common claims with Amarin because it seeks to vacate the Court's judgment finding the patents-in-suit invalid as obvious. (*Id.* at 18.) EPADI finally reiterates that there is no undue delay, and there will be no prejudice to the existing parties because Defendants are not entitled to claim prejudice—because they defrauded the Court. (*Id.* at 18.) Defendants counter that allowing EPADI to permissively intervene would be improper because they have not articulated any claim or defense, much less one they share with Amarin, and would lack standing to do so in any

8

event because EPADI lacks standing to prosecute a case for infringement of Amarin's patents. (ECF No. 409 at 3.) The Court again agrees with Defendants.

To start, for the same reasons provided *supra* in Section III.A.1, EPADI's motion is untimely, and the Court also denies its request for permissive intervention on that basis.

Second, and despite EPADI's brief argument to the contrary, EPADI does not assert any claims or defenses, so it cannot share any claims or defenses with Amarin. While EPADI argues it was not required to submit a proposed pleading despite the plain language of Rule 24(c) (ECF No. 401 at 19), EPADI's failure to do so does tend to highlight the fact that it is not asserting any claims or defenses in this case. So does the beginning of its Motion, where EPADI states it seeks leave to intervene for the "narrow purpose" of vacating the Court's judgment. (*Id.* at 7.) EPADI also fails to articulate any claims or defenses in the portion of its Motion that purports to do so. (*Id.* at 17.) Moreover, the Court agrees with Defendants that EPADI would lack standing to assert any claim regarding the validity of Amarin's patents in any event, because it admittedly owns no interest in Amarin's patents. (*Id.* at 12.) In sum, it would be improper to allow EPADI to permissively intervene because it has no "claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

Third, the discretionary factors also weigh against granting EPADI permission to intervene. Specifically, allowing EPADI to intervene solely to attempt to vacate the Court's judgment would clearly prejudice Defendants. EPADI's argument to the contrary is not credible. (ECF No. 401 at 18.) Even taken on its own terms, EPADI's argument ignores the pertinent question of whether Defendants would be prejudiced by arguing without applicable legal support[6] that Defendants are not entitled to assert prejudice because of EPADI's unsubstantiated allegations that Defendants and their counsel engaged in fraudulent conduct. EPADI's argument thus misses the mark. Moreover, allowing EPADI

---

[6]EPADI does rely on *Public Loan Company, Inc. v. FDIC*, 803 F.2d 82, 87 (3d Cir. 1986) for the quotation "self-inflicted wound," but there, the Third Circuit Court of Appeals was adding emphasis to its holding that the "district court was therefore well within its discretion in limiting appellants' untimely discovery requests." *Id.*

9

to intervene for purposes of attempting to vacate the Court's judgment would not be judicially efficient, and would contravene Rule 1's mandate that the procedural rules "should be construed . . . to secure the just, speedy, and inexpensive determination of every action"—it would instead open a Pandora's box of new issues that would expand the scope of this case.

In sum, EPADI's request for permissive intervention is also denied.

### C.  Standing to File Motion to Vacate

Defendants also point out in their response to the Motion that granting EPADI's Motion would be futile because EPADI lacks standing to file a Rule 60(b) motion as a non-party. (ECF No. 409 at 3.) The Court also agrees with Defendants on this point, and notes this agreement constitutes another, alternative, reason why the Court is denying the Motion.

EPADI is not a party to this case—particularly considering the Court's denial of the Motion—and again, the two pending motions are EPADI's first filings in this case since it was filed in 2016. "Rule 60(b) only allows relief to be given to 'a party' to the litigation." *Ericsson*, 418 F.3d at 1224 (citation omitted); *see also Hook v. State of Arizona*, 188 F. App'x 577, 578 (9th Cir. 2006) ("Rule 60(b) provides that 'the court may relieve a party' from a final judgment; a nonparty cannot move for relief under Rule 60(b) except in 'exceptional circumstances,' *Citibank Int'l v. Collier-Traino, Inc.*, 809 F.2d 1438, 1440-41 (9th Cir.1987), which are not present here.").

EPADI responds by alternatively arguing that it has standing to file its motion to vacate because either its members are Amarin shareholders, or it is Amarin's legal representative. (ECF No. 410 at 12.) The Court finds both arguments unpersuasive. Even assuming that EPADI's members are Amarin shareholders,[7] Amarin shareholders would lack standing to sue for patent infringement of Amarin's patents—especially here, where EPADI concedes it lacks any ownership interest in Amarin's patents. (ECF No. 401 at

---

[7]EPADI's certificate of interested parties appears to state that only some of its members are shareholders. (ECF No. 404 at 1.)

12.) Thus, while privity can exist between corporations and their shareholders, *see Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1053 (9th Cir. 2005), that general principle does not apply here, where EPADI is effectively seeking a judicial determination that Amarin's patents-in-suit are valid. Instead, the more applicable principle is that "parallel legal interests alone, identical or otherwise, are not sufficient to establish privity[.]" *Id.* at 1054. As to EPADI's suggestion that it is Amarin's legal representative (ECF No. 410 at 12), that suggestion appears incorrect considering Amarin's statement that it, "did not provide [EPADI] with any support, whether substantive or financial, in the preparation of either motion." (ECF No. 408 at 1.) In addition, Amarin states it has filed a writ of certiorari (*id.* at 1-2), and EPADI states that Amarin never responded to its request to file a Rule 60(b) motion (ECF No. 401 at 10). Amarin and EPADI appear to be pursuing different strategies. In any event, it does not appear to the Court that EPADI is acting as Amarin's representative as to EPADI's motion to vacate.

The Court therefore finds that no exception to the general rule that only a party may file a Rule 60(b) motion applies. *See Hook*, 188 F. App'x 577, at 578. EPADI is not a party to this case. EPADI lacks standing to file its motion to vacate. *See id.*

In sum, both the Motion and EPADI's motion to vacate are denied.

**IV.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that EPA Drug Initiative II's motion to intervene (ECF No. 401) is denied.

///

///

///

///

1 | It is further ordered that EPA Drug Initiative II's motion to vacate (ECF No. 405) is
2 | denied.
3 | DATED THIS 30th Day of April 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE