UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AMARIN PHARMA, INC., *et al.*, | Case No. 2:16-cv-02525-MMD-NJK |
| Plaintiffs, | ORDER |
| v. | |
| TEVA PHARMACEUTICALS USA, INC., | |
| Defendant. | |

## I. SUMMARY

This was a consolidated patent infringement case brought under the Hatch-Waxman Act where Plaintiffs Amarin Pharma, Inc. and Amarin Pharmaceuticals Ireland Limited sought to prevent defendants, including Defendant Teva Pharmaceuticals USA, Inc., from launching generic competitor drugs to Plaintiffs' drug Vascepa. The dispute between Plaintiffs and Teva ended in a settlement agreement and consent judgment in 2018. (ECF No. 128.) Before the Court is Plaintiffs' motion to enforce that settlement agreement and enjoin Teva from continuing to prosecute an antitrust case it filed against Plaintiffs in the District of New Jersey (ECF No. 423 ("Motion")),[1] along with three corresponding motions to seal (ECF Nos. 424, 430, 437).[2] As further explained below, the

---

[1] Plaintiffs filed the Motion twice, once with redactions (ECF No. 422), and once without (ECF No. 423). The Court refers herein to the version without redactions. (ECF No. 423.) Plaintiffs filed both versions under seal, along with a corresponding motion to seal. (ECF No. 424.) Teva also filed its response under seal (ECF No. 429), along with a corresponding motion to seal (ECF No. 430). Plaintiffs followed the same practice for their reply that they did with their Motion, filing one redacted version (ECF No. 435), and one unredacted version (ECF No. 436)—both under seal—along with another motion to seal (ECF No. 437).

[2] Neither party filed a response to the other side's motions to seal, meaning they are all unopposed.

Court declines to exercise jurisdiction over the dispute reflected in the Motion and thus denies it, though the Court will grant the motions to seal.

## II. BACKGROUND

This case ended in 2020 with a bench order in which the Court found Plaintiffs' asserted patents were invalid. *See Amarin Pharma, Inc. v. Hikma Pharms. USA Inc.*, 449 F. Supp. 3d 967 (D. Nev.), *aff'd*, 819 F. App'x 932 (Fed. Cir. 2020), *cert. denied*, 141 S. Ct. 2794 (2021). But Teva settled with Plaintiffs in 2018, before the case went to trial. (ECF No. 128 at 1-2.) Plaintiffs and Teva filed a stipulated consent judgment with the Court once they settled (ECF No. 127), and the Court granted it (ECF No. 128 at 3). The consent judgment included the sentence, "[t]his District Court retains jurisdiction to enforce or supervise performance under this Consent Judgment and the Settlement Agreement." (*Id.*)

In 2024, Teva sued Plaintiffs in the District of New Jersey, alleging antitrust violations, because Plaintiffs entered into exclusive supply agreements with suppliers of the active ingredient in Plaintiffs' drug Vascepa between 2010 and 2017—rendering it difficult for Teva to source enough active ingredient to launch a generic version of Plaintiff's drug Vascepa. (ECF No. 423 at 4.) Less than a month after Teva filed that case, Plaintiffs filed a motion to dismiss it based on the settlement agreement in this case, but the presiding judge denied that motion without prejudice for failure to comply with his chambers practices. (*Id.* at 5.) Instead of re-filing that motion in New Jersey, Plaintiffs filed the Motion. (*Id.*)

Teva's suit against Plaintiffs in New Jersey is the fifth-filed case raising similar antitrust claims based on similar factual allegations filed in that same district. (ECF No. 429 at 6 n.3.)

## III. DISCUSSION

The Court first addresses the motions to seal before moving on to the merits of the Motion.

**A. Motions to Seal**

Both sides move to seal portions of their pertinent briefs, and Plaintiffs move to seal some of the exhibits to their Motion (two in full, two others in part). (ECF Nos. 424, 430, 437.) The parties specifically seek to seal the settlement agreement they entered into in this case, portions of other documents that quote their settlement agreement, and two documents which are provisionally (and currently) filed under seal in the District of New Jersey. Plaintiffs contend that the settlement agreement between the parties contains a provision specifying that the parties must maintain its confidentiality and otherwise contains commercially sensitive information that would harm Plaintiffs' competitive standing were it unsealed. (ECF Nos. 424, 437.)

To overcome the strong presumption in favor of public access, the parties must make a particularized showing as to why these exhibits and portions of their briefs should be sealed and provide compelling reasons, supported by specific factual arguments, for their requests. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

The Court finds that the parties have met this standard regarding the settlement agreement and the documents provisionally sealed in the District of New Jersey. As to the settlement agreement, the Court agrees that it and excerpts of it may properly be maintained under seal because it appears based on the Court's review of the settlement agreement that "confidentiality was a material term of that agreement[.]" *Allegiant Travel Co. v. Kinzer*, No. 2:21-cv-01649-JAD-NJK, 2022 WL 2819734, at *5 (D. Nev. July 19, 2022) (granting motion to seal copy of settlement agreement and excerpts of it). The settlement agreement and excerpts of it may further remain under seal because "the aspects of that settlement agreement that are pertinent to the issue before the Court, namely the existence of a confidentiality provision, have already been made known on the public record to enable the public's understanding of these proceedings." *Id.* In addition, there are several provisions in the settlement agreement that the Court agrees are

1  commercially sensitive, providing another reason to grant the motion to seal as to the
2  settlement agreement and excerpts of it. *See Res Exhibit Servs., LLC v. LNW Gaming,*
3  *Inc.*, No. 2:21-cv-01953-APG-EJY, 2023 WL 4826506, at *1 (D. Nev. June 21, 2023)
4  (finding that "proprietary business information and contents of contractual agreements
5  between the parties" met compelling reasons standard and thus was properly filed under
6  seal).

7        As to the documents Plaintiffs seek to file under seal because they are currently
8  sealed on the docket of the District of New Jersey (ECF Nos. 423-4, 436-1), Plaintiffs
9  represent they will notify the Court if and when those documents are unsealed by that
10 court. (ECF No. 424 at 5.) The Court expects Plaintiffs to do so. In the meantime, the Court
11 will permit Plaintiffs to maintain them under seal because the District of New Jersey
12 currently maintains them under seal. *See Lundstrom v. Young*, No. 3:18-CV-2856-GPC-
13 MSB, 2019 WL 13198257, at *2 (S.D. Cal. June 4, 2019) (permitting documents already
14 under seal in another court proceeding to be filed under seal in part because the "Texas
15 state court" had sealed them).

16       In sum, the Court grants the motions to seal. However, Plaintiffs must move to
17 unseal the documents currently sealed on the docket of the District of New Jersey (ECF
18 Nos. 423-4, 436-1) if that court unseals them. In addition, Plaintiffs filed redacted copies
19 of their Motion and reply (ECF Nos. 422, 435), but Teva did not (ECF No. 429). And the
20 redacted copies of Plaintiffs' briefs are currently sealed. The Court will accordingly unseal
21 the redacted copies of Plaintiffs' briefs (ECF Nos. 422, 435) and order Teva to file a
22 redacted copy of its response (ECF No. 429) so that the public has a record of the Motion
23 and associated briefing that does not reveal specific terms of the settlement agreement.

24     **B. Motion**

25       As noted, Plaintiffs seek an order from this Court enjoining Teva from pursuing the
26 antitrust claims it filed against Plaintiffs in the District of New Jersey because that case is
27 barred under the terms of the settlement agreement they entered into in this case. (ECF
28

1  No. 423 at 2.) Teva counters in pertinent part that the Court should decline jurisdiction
2  over enforcement of the settlement agreement as Plaintiffs urge because both judicial
3  economy and the convenience of the parties favor Plaintiffs raising arguments like those
4  they raise in the Motion in the pending case in New Jersey. (ECF No. 429 at 8-9.) Plaintiffs
5  reply there is no dispute that the Court has the power to substantively rule on the Motion,
6  there is nothing unusual about enforcing a settlement agreement six years later, and it
7  would be more efficient to resolve the Motion on its merits because a resolution in their
8  favor would end the litigation in New Jersey and only requires the Court to resolve the
9  legal issue of how to interpret the settlement agreement. (ECF No. 436 at 3-5.) The Court
10 agrees with Teva.

11 Plaintiffs emphasize that the Court could rule on the merits of their Motion, but do
12 not persuade the Court that it should. To start, the Court notes its agreement with Plaintiffs
13 that it could resolve the merits of the Motion because of the sentence in the consent
14 judgment stating that the Court "retains jurisdiction to enforce or supervise performance"
15 under it or the settlement agreement. (ECF No. 128 at 3.) *See also Kokkonen v. Guardian*
16 *Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994) (suggesting that the inclusion of "a provision
17 'retaining jurisdiction'" in a settlement agreement would give a court ancillary jurisdiction
18 over a dispute to enforce the terms of the settlement agreement); *see also In re*
19 *Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 975 F.3d 770, 775
20 (9th Cir. 2020) ("As the district court expressly retained authority to 'ensure compliance'
21 with the settlement agreement's terms, the district court was well within its jurisdiction to
22 determine whether the new Framework breached the agreement.") (citation omitted). The
23 key sentence in the consent judgment does not suggest any time limit, either. (ECF No.
24 128 at 3.) So, the Court agreed to indefinitely retain jurisdiction to enforce or supervise
25 performance under the settlement agreement between Plaintiffs and Teva. (*Id.*)

26 However, the Court was "under no obligation to reserve such jurisdiction in the first
27 place" and it may decide "to terminate its previously retained jurisdiction[,]" subject to
28

abuse of discretion review. *Arata v. Nu Skin Int'l, Inc.*, 96 F.3d 1265, 1269 (9th Cir. 1996); *see also Collins v. Thompson*, 8 F.3d 657, 659 (9th Cir. 1993) ("A federal court may refuse to exercise continuing jurisdiction even though the parties have agreed to it."). Teva asks the Court to exercise this discretion and suggests its decision should be guided by "notions of judicial economy and convenience of the parties." (ECF No. 429 at 8 (quoting *Danner v. Himmelfarb*, 858 F.2d 515, 523 (9th Cir. 1988).) And in reply, Plaintiffs do not argue that the Court lacks discretion to decline to resolve their Motion on its merits, instead reiterating that the Court may exercise jurisdiction over it and thus could resolve it on its merits. (ECF No. 436 at 3-5.) There accordingly appears to be no dispute between the parties that the Court may decline to resolve the Motion on its merits. Both sides also offer argument going to judicial economy and the convenience of the parties. (ECF Nos. 429 at 8-9, 436 at 5.)

Under the circumstances presented here, the Court agrees with Teva that judicial economy and the convenience of the parties both favor the Court declining to resolve the merits of the Motion. Plaintiffs and Teva are already litigating antitrust issues in New Jersey. In contrast, the Court addressed no antitrust issues in the years it actively oversaw this patent case between 2016 and 2020. And indeed, Teva's suit against Plaintiffs in New Jersey is the fifth-filed case raising similar antitrust claims based on similar factual allegations filed in that same district. (ECF No. 429 at 6 n.3.) Thus, courts in the District of New Jersey are more familiar with the antitrust dispute between Teva and Plaintiffs than the Court is. Those courts are also convenient for the parties since they are already litigating there, and indeed Plaintiffs are litigating several similar cases there. These factors favor letting the court in New Jersey adjudicate the arguments Plaintiffs raise in their Motion.

Moreover, Plaintiffs will not be unduly prejudiced by the Court's decision to decline to exercise jurisdiction over the merits of Plaintiffs' Motion because their similar motion to dismiss filed in New Jersey was denied without prejudice and they included an affirmative defense in their answer in that case asserting that it is barred by the settlement agreement

1  the parties reached in this case. (*Compare* ECF No. 429 at 8 (asserting both that the
2  motion to dismiss was denied without prejudice and that Plaintiffs asserted the affirmative
3  defense) *with* ECF No. 436 at 5 (declining to dispute these factual assertions).) Thus,
4  contrary to Plaintiffs' argument (ECF No. 436 at 5 ("It would entirely undermine the
5  purposes of a settlement agreement if parties cannot enforce releases and covenants not
6  to sue until after completing multi-year litigation that is barred by the agreement.")), there
7  is nothing stopping Plaintiffs from raising the same arguments they have raised in the
8  Motion in another motion in the New Jersey case—and soon. Indeed, they would likely be
9  able to re-use much of the argument they presented in it.

10  Plaintiffs otherwise counter that it would be more efficient for the Court to grant their
11  Motion because doing so would end the New Jersey case, and no discovery is necessary
12  before the Court can grant the Motion. (*Id.*) But the Court is uncomfortable with the notion
13  of ending the New Jersey case based on its interpretation of the settlement agreement
14  because, in doing so, the Court would not really be enforcing performance of the
15  obligations in the settlement agreement and consent judgment that it agreed to retain
16  jurisdiction over, such as ensuring that Teva paid the license fee it agreed to. (ECF No.
17  128 at 3.) Plaintiffs are instead asking the Court to preclude Teva from raising a new set
18  of legal issues it 'could have brought' at the time Teva settled this case, which the Court
19  never considered. (ECF No. 423.) Indeed, the Court never anticipated cutting off putative
20  antitrust liability based on factual allegations that were not before it when it agreed to retain
21  jurisdiction over the parties' settlement agreement indefinitely, at their request. In addition,
22  it has been some six years since the Court approved the consent judgment, and certainly
23  the passage of time makes exercising jurisdiction seem less appropriate. *See, e.g., Brass*
24  *Smith, LLC v. RPI Indus., Inc.*, 827 F. Supp. 2d 377, 383 (D.N.J. 2011) ("[R]egardless of
25  whether the Court has decided to retain jurisdiction or not, its exercise twenty years
26  removed from the issuance of the consent judgment impermissibly strains the limits of
27  federal court authority.").

28

In sum, while granting the Motion would no doubt be most efficient for Plaintiffs, the Court exercises its discretion to decline to resolve the Motion on its merits because it is more judicially efficient and convenient for the parties to resolve the arguments raised in the Motion in the case Teva filed against Plaintiffs in New Jersey.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Plaintiffs' motion to enforce the settlement agreement (ECF Nos. 422, 423)[3] is denied as specified herein.

The Clerk of Court is directed to unseal the versions of the Motion and reply filed with redactions. (ECF Nos. 422, 435.)

It is further ordered that both sides' motions to seal (ECF Nos. 424, 430, 437) are granted. The other documents filed under seal will accordingly remain under seal.

It is further ordered that Teva must file a version of its response filed under seal (ECF No. 429) with confidential excerpts of the settlement agreement redacted within 5 days, so that there is a public record of the arguments Teva raised in response to the Motion.

DATED THIS 3rd Day of December 2024.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[3] Since Plaintiffs filed it twice—once with redactions and once without—the Court references both docket entries here.