# EXHIBIT A

Transcript of Teleconference held on 5/2/2024, *Teva Pharms., USA Inc. v. Amarin Pharma Inc.*, No. 24-4341 (RK)(TJB), ECF No. 21

# EXHIBIT A

1

```
 1              UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
 2
   _____
 3
   TEVA PHARMACEUTICALS USA,        CIVIL ACTION NUMBER:
 4 INC.,
                                    24-cr-04341-RK
 5      Plaintiff,

 6      v.                          TELECONFERENCE

 7 AMARIN PHARMA, INC., et al.,

 8      Defendants.
   _____
 9
        Clarkson S. Fisher Building & U.S. Courthouse
10      402 East State Street
        Trenton, New Jersey  08608
11      May 02, 2024
        Commencing at 10:06 a.m.
12

13 B E F O R E:         THE HONORABLE ROBERT KIRSCH,
                        UNITED STATES DISTRICT JUDGE
14

15 A P P E A R A N C E S:

16
        WALSH PIZZI O'REILLY FALANGA LLP
17      BY:  LIZA M. WALSH, ESQUIRE
             JESSICA K. FORMICHELLA, ESQUIRE
18      THREE GATEWAY CENTER
        100 MULBERRY STREET, 15TH FLOOR
19      NEWARK, NJ  07102
        For the Plaintiff
20

21

22
             Carol Farrell, Official Court Reporter
23                 cfarrell.crr@gmail.com
                       856-318-6100
24
     Proceedings recorded by mechanical stenography; transcript
25          produced by computer-aided transcription.
```

*United States District Court*
*District of New Jersey*

```
 1   A P P E A R A N C E S (Continued):

 2

 3       KIRKLAND & ELLIS LLP
         BY:  JAMES R.P. HILEMAN, ESQUIRE
              DEVORA W. ALLON, ESQUIRE
 4       333 WEST WOLF POINT PLAZA
         CHICAGO, IL 60654
 5       For the Plaintiff

 6

 7       WILSON SONSINI GOODRICH & ROSATI
         BY:  CHUL PAK, ESQUIRE
 8       1301 6th AVE #40
         NEW YORK, NY  10019
         For the Plaintiff, Dr. Reddy's
 9

10       SAUL EWING LLP
         BY:  WILLIAM C. BATON, ESQUIRE
11       ONE RIVERFRONT PLAZA
         SUITE 1520
12       NEWARK, NJ  07102-5426
         For the Defendants
13

14       COVINGTON & BURLING LLP
         BY:  ASHLEY E. BASS, ESQUIRE
15       ONE CITYCENTER
         850 TENTH STREET, NW
16       WASHINGTON, DC  20001-4956
         For the Defendants
17

18       WINSTON & STRAWN LLP
         BY:  MICHAEL TOOMEY
19       101 CALIFORNIA STREET, 35TH FLOOR
         SAN FRANCISCO, CA  94111-5840
20       For Hikma Pharmaceuticals

21

22

23

24

25
```

3

1       (PROCEEDINGS held via teleconference before The Honorable
2  Robert Kirsch, United States District Judge, at 10:00 a.m.)
3            THE COURT:  Good morning.  We are on the record in
4  Teva versus Amarin, 24-4341.  Appearances of counsel, please.
5            MS. FORMICHELLA:  Good morning, Your Honor -- I'm
6  sorry.  Good morning.  This is --
7            THE COURT:  I'm sorry, I didn't hear you.
8            MS. FORMICHELLA:  Hi.  Can you hear me?
9            THE COURT:  One more time.  One more time, please.
10           MS. FORMICHELLA:  Hi, this is Jessica Formichella and
11 Liza Walsh from Walsh Pizzi O'Reilly Falanga on behalf of Teva.
12 Can you hear me now?
13           THE COURT:  I certainly can.  Thank you.  And good
14 morning.
15           MS. FORMICHELLA:  Thank you.  Good morning.
16           With us is our cocounsel from Kirkland & Ellis, James
17 Hileman and Devora Allon, and their pro hac vice applications
18 have been filed with the Court.
19           SPEAKER:  Good morning, Your Honor.
20           THE COURT:  Very well.  Good morning.
21           SPEAKER:  Good morning, Your Honor.
22           THE COURT:  For defendant, Amarin, please.
23           MR. BATON:  Yes, good morning, Your Honor.  This is
24 Bill Baton of the Saul Ewing firm, New Jersey counsel for
25 defendant.

Case 2:16-cv-02525-MJD-NJK Document 440 Filed 05/03/24 Page 4 of 13 PageID 4221
Case 2:16-cv-02525-MJD-NJK Document 21 Filed 05/03/24 Page 4 of 13 PageID 4221

*4*

*1* With me today is Ashley Bass from Covington & Burling,
*2* also for Amarin.
*3* THE COURT: Good morning. I appreciate everybody
*4* making themselves available.
*5* I received a letter, Mr. Baton, that was odd to me.
*6* The tenor of it was odd.
*7* The defendant filed a motion to dismiss, obviously,
*8* inadvertent because the Court has preferences and this did not
*9* abide by them, and instead of, in my judgment, a different
*10* letter. I got one where you sort of unilaterally determined
*11* you didn't believe it would be helpful and, therefore, the
*12* Court should go ahead and brief it.
*13* And I appreciate very much your view, but going
*14* forward, the reason I have incorporated these preferences is
*15* out of necessity. A number of my colleagues have done so as
*16* well, so you are aware of that. And the reason is that rotely,
*17* as a matter of course, in every civil dispute, we get inundated
*18* with 12(b) motions. Almost never do they resolve in disposing
*19* in toto of a case, and all it does is gum up an already
*20* remarkably congested court system here.
*21* We are, if not the most busy civil docket in the
*22* country from a federal standpoint, we are second. And so a
*23* number of us, many of us, have incorporated these preferences
*24* in an attempt to bring some sensibility.
*25* So while I appreciate your view, going forward, I

```
 1  would appreciate abiding by the Court's preferences.
 2  Understood?
 3          MR. BATON:  Yes, Your Honor, absolutely, and sorry for
 4  the misstep, and you have my word that going forward, no such
 5  thing will occur.
 6          THE COURT:  Thanks.
 7          Of course what's before me, instead of letters from
 8  both sides, is a very short summary from the viewpoint of the
 9  defendant.
10          It will shock me if, at this preliminary phase, I find
11  that a settlement that I think was out of Nevada is going to
12  bar a putative Sherman Act case.
13          It seems from my very cursory review of the complaint
14  that the allegations are that Amarin hoarded a critical
15  component of this pharmaceutical product, which, at first
16  blush, did not seem to be encompassed by the separate and
17  distinct settlement out of district.
18          And so I would ask you, Mr. Baton, to think long and
19  hard if you want to congest this court on something that is --
20  I'm not ruling because there is nothing before me -- but think
21  long and hard whether you think in the end you are likely to
22  prevail and I throw out a case at this incipient stage.
23          The next thing I want to -- so I will get back to that
24  in a moment.
25          The next thing I want to bring to everybody's
```

1  attention -- obviously, Mr. Baton, you are very familiar with
2  this -- and that is that this is the fifth, I believe, Sherman
3  Act case I have involving Amarin.  Many of these cases are
4  quite old, '21 dockets, and I can recite them.  They are all on
5  the public docket, so obviously I am not disclosing anything
6  that Ms. Walsh and her colleagues are not probably readily
7  aware of already.
8          But I'm wondering -- because the list keeps growing.
9  This is case number five.  Obviously, every action here is
10 different in some regards.  You've got different plaintiffs,
11 different factual allegations.  But I'm wondering if there is
12 not a more sensible outcome.  The likelihood that we are going
13 to try five of these cases, very slim.  Certainly within the
14 next ten years, very slim, if ever.  And I wonder if there is
15 not a smarter, more expedited way of consolidating all of them
16 for purposes of mediation with a very experienced former judge
17 to bring some conclusion here to some or all of them.
18         Mr. Baton?
19         MS. BASS:  Your Honor, this is Ms. Bass, if you don't
20 mind if I take that one?
21         THE COURT:  Sure.  And good morning to you.
22         MS. BASS:  Thank you.  Good morning.
23         So, Your Honor, as you are aware, we did conduct a
24 mediation with the previously filed cases before Judge Linares.
25 He has been appointed a mediator in this case.

|  |  |
|---|---|
| *1* | THE COURT: Yes. |
| *2* | MS. BASS: We did have that effort in the fall and we |
| *3* | mediated across the four cases. We were not able to reach |
| *4* | resolution at that time. |
| *5* | And our view with respect to the Teva case, because we |
| *6* | thought you may mention this today, is that we think the Teva |
| *7* | case is differently situated in this instant, you know, it has |
| *8* | not survived a motion to dismiss as those cases have, and we -- |
| *9* | you know, I totally hear what you said at the beginning of the |
| *10* | call with respect to your preliminary views with respect to the |
| *11* | motions, that we not surprisingly have a different view, and, |
| *12* | you know, our view is that their case should not have been |
| *13* | filed; this should not go forward past the Rule 12 stage. |
| *14* | So I totally hear you in terms of trying to find an |
| *15* | efficient way to resolve the various matters that have been |
| *16* | filed, but it at this point in time, I think, you know, we have |
| *17* | tried mediation in the other cases. They weren't successful. |
| *18* | And our view would be that it is premature for us to have any |
| *19* | sort of a mediation with the Teva case at this point. |
| *20* | I'm happy to answer any questions about that. |
| *21* | THE COURT: Yes. So does plaintiff want to be heard |
| *22* | on this briefly? |
| *23* | MS. ALLON: Your Honor, this is Devora Allon for Teva. |
| *24* | I would say just very briefly that we have no |
| *25* | objection to mediating, you know, whenever the Court thinks |

1  that makes sense.
2              THE COURT:  Well, it only makes sense when both
3  parties are in favor of it, and so I'm generally not of the
4  view to mandate it.  It's never successful when a Court
5  strong-arms a reluctant party, and I'm looking at now it's five
6  Amarin cases.  I have got other Amarins as well.
7              And at some point, commonsensically, I believe your
8  position is going to have to, out of necessity, change, and
9  it's unfortunate because I have three '21 dockets, here we are
10 in 2024, all of which Amarin are defendants.  I've got a '23
11 docket, and now I've got a '24.  And there is nobody better at
12 bringing parties together that want to be brought together than
13 José Linares, so it is regrettable, in my mind.
14             And I can hazard a guess that a couple years down the
15 road, and a fortune which will be expended in defense of
16 litigation after litigation, that Amarin's position will likely
17 change.  That's my view.
18             Now, with regard to this case, I'm likely to order
19 discovery to commence immediately.  I'm going to speak to the
20 Magistrate Judge.  I don't have the authority, unfortunately,
21 to bar a motion to dismiss.  I'll be surprised, I don't know
22 because I'm not clairvoyant, but when I really dig into the
23 settlement agreement and I take a look at the allegations in
24 the complaint, perhaps the defendant will be successful, but
25 I'm not going to stop this litigation for what will likely be a

|    |                                                                                   |
|----|-----------------------------------------------------------------------------------|
| 1  | voluminous motion to dismiss, voluminous opposition, and                          |
| 2  | digging into documents which are intrinsic to the complaint for                   |
| 3  | six, eight, nine months, which is what it will be.                                |
| 4  | So I'm going to communicate with the Magistrate Judge                             |
| 5  | who I believe is Judge Bongiovanni; am I right about that?                        |
| 6  | MS. BASS: Yes, Your Honor.                                                        |
| 7  | THE COURT: And we're going to get going -- after I                                |
| 8  | speak with her and get her input, I'm likely to order that                        |
| 9  | discovery starts immediately. Understood?                                         |
| 10 | MS. BASS: Yes, Your Honor.                                                        |
| 11 | THE COURT: So, in terms of filing a motion to                                     |
| 12 | dismiss, Amarin, this is how we're going to do it. You will                       |
| 13 | serve your colleagues across the aisle. When the matter is                        |
| 14 | fully briefed after a reply brief, you will then file it, so we                   |
| 15 | will bundle this. That's in the event that you persist in your                    |
| 16 | desire to file a 12(b) motion.                                                    |
| 17 | If you change your position, please indicate that to                              |
| 18 | me and, of course, your colleagues. But I will speak with                         |
| 19 | Judge Bongiovanni immediately. Okay?                                              |
| 20 | MS. BASS: Yes, Your Honor.                                                        |
| 21 | MR. PAK: Your Honor?                                                              |
| 22 | THE COURT: Yes.                                                                   |
| 23 | MR. PAK: Yes, Your Honor, I've just been kind of                                  |
| 24 | sitting on the side as one of the other plaintiff's counsel,                      |
| 25 | and I think there are two others.                                                 |

```
 1          So, just to be clear about the issue, we were I
 2  think -- we joined this call because we are the other three
 3  cases, and our view is that the discovery should proceed, in
 4  coordination, and we do have a scheduling order, et cetera.
 5          And we were on this call because Amarin had taken the
 6  position that discovery should not move forward on certain
 7  depositions because the motion to dismiss against Teva was
 8  pending.  And so your statements today then give us clarity
 9  about how we should move forward, so thank you.
10          THE COURT:  I'm sorry.  I didn't understand one thing
11  that you just said, and it's not your fault.  This is the
12  problem with doing stuff telephonically, which I try to do as a
13  courtesy to the lawyers, and I always end up regretting it
14  because, A, I don't know who is speaking --
15          MR. PAK:  I'm sorry, Your Honor.
16          THE COURT:  And secondly, this is literally through no
17  fault of yourself.  It's just challenging.
18          MR. PAK:  Okay.  May I start again then, Your Honor?
19          THE COURT:  Yes.
20          MR. PAK:  I'm Chul Pak.  I'm one of the counsel for
21  plaintiff, Dr. Reddy's.
22          THE COURT:  In 21-10309?
23          MR. PAK:  I believe that's the case number, Your
24  Honor.
25          You mentioned three other cases, and that would be the
```

1  Dr. Reddy's case, the Hikma case, and the class-action case.  I
2  think those are the three you're referring to.
3              THE COURT:  I've got four.
4              MR. PAK:  There might be two class actions.
5              THE COURT:  I think there's a separate class action,
6  but you go on.  Go ahead, if you don't mind.
7              MR. PAK:  Yes, certainly.
8              So we, in fact, have been trying to coordinate all
9  those cases and have been proceeding that way.
10             We now have a scheduling order for how to move
11  discovery, and we had noticed depositions of certain Amarin
12  employees, and Amarin's counsel's position was that because of
13  the pending nature of the Teva action, as well as the desire to
14  coordinate, we shouldn't move forward on our depositions.  And
15  that's why we joined this call.
16             But if I understood Your Honor's statements today that
17  discovery should move forward, the objection to the depositions
18  sounds moot to me, Your Honor.
19             THE COURT:  Well, so my colleague, Judge Bongiovanni,
20  will manage the pretrial process here.  I will certainly
21  articulate to her when I speak to her -- and she knew I was
22  convening this call.  I told her last evening.  But I will be
23  calling her immediately, but I'm going to defer to her on how
24  she wishes to manage the litigation.
25             I'm just going to articulate that there is no chance

```
 1  that I'm going to hamstring the movement of four separate and
 2  distinct cases involving the same defendant and the same
 3  product while one case is mired in a 12(b) motion.  That will
 4  be my vote.
 5          And if she has a different view, she will express that
 6  to me, and of course I will defer to her because she is in
 7  charge of management, but I'm going to let my opinion known.
 8          Hello?
 9          MR. PAK:  Thank you, Your Honor.  Chul Pak again.  I'm
10  sorry.
11          THE COURT:  That's okay.  Did I miss anything from the
12  plaintiff's vantage?
13          SPEAKER:  No, Your Honor.  Thank you.
14          SPEAKER:  No, Your Honor.
15          THE COURT:  Is Ms. Walsh on the call, by the way?
16          MS. WALSH:  I am, Your Honor, and thank you very much,
17  and we don't have any other issues, but thank you.
18          THE COURT:  Okay.  And good morning to you.
19          And anything more from the defendant?
20          MS. BASS:  No, Your Honor.  Thank you.
21          THE COURT:  You're very welcome.
22          Did I miss anything?
23  (No response.)
24          THE COURT:  Okay.
25          MS. BASS:  No, Your Honor.
```

```
 1            THE COURT:  Silence is welcomed.  How is that?
 2            Okay, folks, thank you very much for your coordinating
 3  your very busy schedules, and I look forward to moving these
 4  cases along.  Okay?
 5            MS. BASS:  Thank you very much.  Thank you again.
 6            SPEAKER:  Thank you, Your Honor.
 7            THE COURT:  Have a very nice weekend, everybody.
 8  (The proceedings concluded at 10:22 a.m.)
 9
10            - - - - - - - - - - - - - - -
11
12            I certify that the foregoing is a correct transcript
13  from the record of proceedings in the above-entitled matter.
14
15  /S/ Carol Farrell, NJ-CRCR, FCRR, RDR, CRR, RMR, CRC, CRI
    Court Reporter/Transcriber
16
17  May 02, 2024
         Date
18
19
20
21
22
23
24
25
```

United States District Court
District of New Jersey